704 A.2d 1309

E Z SOCKETS, INC., PLAINTIFF/APPELLANT, v. BRIGHTON-
BEST SOCKET SCREW MFG., INC., PERRY ROSENSTEIN AND
LAKSHMI PRECISION SCREWS LTD., DEFENDANTS/RE-
SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1997—Decided December 31, 1997.

Before Judges PRESSLER, CONLEY and WALLACE.

*Melvin Greenberg* argued the cause for appellant (*Greenberg
Dauber & Epstein,* attorneys; *Mr. Greenberg* and *Jeffrey S.
Berkowitz,* on the brief).

*Douglas S. Eakley* argued the cause for respondents (*Lowen-
stein, Sandler, Kohl, Fisher & Boylan,* attorneys; *Mr. Eakley,* of
counsel and on the brief; *Lauren M. Hollender,* on the brief).

PER CURIAM.

Plaintiff filed a complaint against defendants alleging antitrust
violations and tortious interference with plaintiff's prospective
economic benefit. The motion judge granted defendants' motion
for summary judgment, holding that while plaintiff had alleged a
vertical restraint of trade, it had failed to prove by the "rule of
reason" test or by the "per se" violation test, that defendants'
conduct constituted a vertical price-fixing agreement. Further,
the judge held that while plaintiff could prove some of the
elements of tortious interference, it had not produced evidence
that defendants had employed "unlawful means," such as fraud,
intimidation, misrepresentation or other violations of the law.

At oral argument, plaintiff limited its argument on the antitrust
claim to contending that it had presented sufficient evidence to
prove a per se violation, thus abandoning any claim based on the

rule of reason. Additionally, plaintiff continued to urge that defendants' conduct constituted tortious interference.

We reject plaintiff's contentions. A vertical restraint is not illegal per se unless it includes some agreement on price or price levels. *See Business Electronics v. Sharp Electronics,* 485 *U.S.* 717, 735–36, 108 *S.Ct.* 1515, 1525–26, 99 *L.Ed.*2d 808, 823–25, *cert. denied,* 486 *U.S.* 1005, 108 *S.Ct.* 1727, 100 *L.Ed.*2d 192 (1988). Evidence of price-fixing is lacking here. Further, plaintiff failed to meet all of the requirements to prove a claim for tortious interference. *See Printing Mart–Morristown v. Sharp Electronics.,* 116 *N.J.* 739, 563 *A.*2d 31 (1989).

The judgment of the Chancery Division is affirmed substantially for the reasons expressed by Judge Boyle in his opinion reported at 307 *N.J.Super.* 546, 704 *A.*2d 1364 (Ch. Div.1996).